**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| JOSE L. CAMACHO,<br><br>       Plaintiff,<br><br>         v.<br><br>COMMONWEALTH OF PUERTO RICO, ADMINISTRATION OF CORRECTION, ET AL.,<br><br>       Defendant. | CIV. 06-1097(PG) |

**OPINION AND ORDER**

Plaintiff José L. Camacho (hereinafter "plaintiff") filed a pro se complaint claiming that defendants violated his constitutional rights. Defendants the Commonwealth of Puerto Rico and the Administration of Corrections' move to dismiss the complaint arguing that the Eleventh Amendment Immunity shields them from being sued in this action. (Docket No. 13.) Defendants' motion stands unopposed. For the following reasons the Court **GRANTS** the motion to dismiss.

**DISCUSSION**

### I.   Standard of Review

When ruling on a 12(b)(6) motion, a court must accept all well-pled factual averments as true and draw all reasonable inferences in favor of the non-moving party. Berezin v. Regency Savings Bank, 234 F.3d 68, 70 (1st Cir. 2000). A complaint should not be dismissed unless it appears beyond any doubt that the non-moving party can prove no set of facts which may support a claim entitling him or her to relief. Ronald C. Brown v. Hot, Sexy, and Safe Productions, Inc., 68 F.3d 525 (1st Cir.1995). In order to survive a motion to dismiss, he or she must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery." Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir.1988).

### II.   Analysis

Under the Eleventh Amendment, "all states are immune from suits by citizens in federal court, unless the state waives said immunity or Congress overrides it as it may do in limited situations." Gotay Sanchez v. Pereira, 343 F.Supp.2d 65, 71 (D.P.R. 2004); see Edelman v. Jordan, 415 U.S. 651, 662-63 (1974); Espinal-Dominguez v. Com. of Puerto Rico, 352 F.3d 490, 493-94 (1st Cir. 2003). This "jurisdictional bar applies irrespective of the nature

of the relief sought in the complaint. Gotay Sanchez, 343 F.Supp.2d at; see Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100(1984).

The Commonwealth of Puerto Rico is treated as a State for Eleventh Amendment purposes, thus, it is "entitled to a full measure of Eleventh Amendment immunity." Espinal-Dominguez, 352 F.3d at 493-494; see Jusino Mercado v. Comm. of Puerto Rico, 214 F.3d 34, 37 (1st Cir.2000). Therefore, the complaint is dismissed with prejudice against the Commonwealth of Puerto Rico.

As to the Administration of Correction, courts have already held that suits against the Puerto Rico Administration of Corrections are barred by the Eleventh Amendment. See Padilla Cintrón v. Roselló González, 247 F.Supp. 2d 48 (D.P.R. 2003) and Jusino Mercado v. Com. of Puerto Rico, 101 F.Supp.2d 57 (D.P.R. 1999). Indeed, "a prison system is an essential arm of the state and therefore ... protected" by Eleventh Amendment Immunity." Id., at 59 (citing Wilson v. Brown, 889 F.2d 1195, 1197 (1st Cir.1989)). Accordingly, the complaint against the Administration of Correction is dismissed with prejudice as well.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with prejudice as to co-defendants the Commonwealth of Puerto Rico and the Administration of Correction. Only two defendants remain: Edgardo Rivera-Colomba and Daniel Diaz. Plaintiff filed his complaint on January 25, 2006. To date, Daniel Diaz has not been served, Edgardo Rivera-Colomba failed to answer the complaint by the March 13, 2006 deadline, and plaintiff has not sought an entry of default as to him. (See Docket Nos. 6 & 7.) Therefore, plaintiff is hereby **ORDERED TO SHOW CAUSE within thirty (30) days of this order why this case should not be dismissed with prejudice for lack of prosecution. Failure to comply with the Court's order will result in dismissal of the action with prejudice**. The Clerk is instructed to send copy of this order by mail to plaintiff.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, June 16, 2006.

S/JUAN M. PEREZ-GIMENEZ
U. S. DISTRICT JUDGE